IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION



| | | |
|---|---|---|
| FREDERICK ZLOTUCHA, | § | |
| | § | |
| *Plaintiff*, | § | |
| | § | |
| v. | § | Civil Action No.  SA-13-CV-915-XR |
| | § | |
| CHRYSLER GROUP, LLC and ANCIRA | § | |
| MOTOR COMPANY, | § | |
| | § | |
| *Defendants*. | § | |
| | § | |
| | § | |
| | § | |

**ORDER**

On this date, the Court considered Plaintiff's motion to remand. Doc. No. 7.  After careful consideration, the Court GRANTS the motion and remands the case to state court.

**BACKGROUND[1]**

This lawsuit arises out of damage to Plaintiff Frederick Zlotucha's 2009 Jeep Commander.  Plaintiff alleges that his car was damaged when his sun roof leaked during a rain storm in January 2009. When the leak occurred, Plaintiff took his car to Defendant Ancira Motors for repairs.  He then contacted Chrysler to demand compensation based upon his car's warranty.  Chrysler allegedly represented that Plaintiff's warranty did not cover this damage, and that Ancira was responsible because they had failed to clean the drainage lines as part of their routine maintenance.  When Plaintiff contacted Ancira, they denied that there was any routine maintenance procedure related to sun roof leakage.  This dispute appears to have occurred during the first quarter of 2009.

---

[1] The factual allegations are taken from Notice of Removal and the State Court Petition. Doc. No. 1, Ex. C.

On April 30, 2009, Chrysler LLC and 24 affiliates filed for bankruptcy protection in the United States Bankruptcy Court for the Southern District of New York.  On May 19, 2009, the Debtors entered into a Master Transaction Agreement ("MTA") with a newly formed entity, Defendant Chrysler Group LLC.   Under the terms of this agreement, Chrysler Group LLC assumed certain liabilities possessed by the Debtors.  However, the Debtors expressly retained liability for "Product Liability Claims arising from the sale of Products or Inventory on or prior to the Closing …" Doc. No. 1, Ex. B at ¶ 35.  On June 1, 2009, the Bankruptcy Court approved the MTA and the sale of Debtor's assets to Defendant Chrysler Group LLC. *In re Old Carco LLC (f/k/a Chrysle LLC)*, No. 09-50002 (Bankr. S.D.N.Y. 2009).

On August 28, 2013, Plaintiff filed a State Court Petition in the 166th Judicial District of Bexar County naming the newly-formed Chrysler Group LLC and Ancira Motors as Defendants. Plaintiff alleges a state law cause of action for violations of the Texas Deceptive Trade Practices Act ("DTPA").  On October 7, 2013, Defendant Chrysler Group LLC filed a notice of removal, contending that this Court had jurisdiction under 28 U.S.C. § 1334. Doc. No. 1.  On November 6, 2013, Plaintiff filed this motion to remand. Doc. No. 4.

## DISCUSSION

28. U.S.C. § 1452 provides for removal of bankruptcy cases where the federal court would have original jurisdiction under 28 U.S.C. § 1334(b).  Section 1334(b) provides this Court with "original but not exclusive jurisdiction of all civil proceedings arising under Title 11, or arising in or related to cases under Title 11." *Id.*   Bankruptcy jurisdiction can therefore be divided into three categories: (1) "arising under" jurisdiction; (2) "arising in" jurisdiction; and (3) "related to" jurisdiction.

2

Plaintiff contends that the mandatory abstention provisions of 28 U.S.C. § 1334(c) require this Court to remand the case.   The Fifth Circuit has held that mandatory abstention applies when: (1) the claims have no independent basis for federal jurisdiction other than §1334(b), (2) the claims are non-core, (3) an action has been commenced in state court; and (4) the action can be adjudicated timely in state court. *In re Rupp & Bowman Co.*, 109 F.3d 237, 239 (5th Cir. 1997).  Three of these elements are straightforward.  This is a state-law claim without complete diversity of the parties and accordingly there is no independent basis for federal jurisdiction other than § 1334(b).  An action has been commenced in state court, and the parties do not dispute that the case can be adjudicated in a timely fashion there.

The main dispute concerns whether Plaintiff's DTPA claim is "core" or "non-core" such that abstention is mandatory.   28 U.S.C. § 157 enumerates a non-exhaustive list of "core" claims.[2]   However, since this case does not fall into one of those categories, the Court must conduct its own analysis.   Claims that "arise under" the Bankruptcy Code or "arise in" a bankruptcy case are "core" matters.  *WRT Creditors Liquidation Trust v. C.I.B.C. Oppenheimer Corp.*, 75 F. Supp. 2d 596, 606 (S.D. Tex. 1999) (citing *In re Gober*, 100 F.3d 1195 5th Cir. 1996)).   On the contrary, claims that "relate to" a bankruptcy case, are "non-core." *Id.*  The Fifth Circuit has clarified the boundaries between these categories of jurisdiction. "Arising under" jurisdiction involves causes of action created or determined by a statutory provision of Title 11. *In re Wood*, 825 F.2d 90 (5th Cir. 1987).   "Arising in" jurisdiction is not based on a right expressly created by Title 11, but is based on claims that have *no* existence outside bankruptcy.

---

[2] These include "matters concerning the administration of the estate"; "allowance or disallowance of claims against the estate or exemptions from property of the estate"; "counterclaims by the estate against persons filing claims against the estate"; "proceedings to determine, avoid, or recover fraudulent conveyances"; "determinations as to the dischargeability of particular debts"; and "other proceedings affecting the liquidation of the assets of the estate or the adjustment of the debtor-creditor or the equity security holder relationship, except personal injury tort or wrongful death claims." 28 U.S.C. § 157 (a)

*Id.* (emphasis added). "Related to" jurisdiction is present in a proceeding if "the outcome of that proceeding could conceivably have any effect on the estate being administered in bankruptcy." *Id.* at 93.

Defendant argues that this is core proceeding because it "arises in" the *In re Old Carco (f/k/a Chrysler LLC)* bankruptcy case. Doc. No. 12 at 8.   Defendant points out that the Plaintiff's state court petition contains an express statement that "Plaintiff makes no allegation that exceeds Chrysler Group LLC's obligations under the June 1, 2009, Bankruptcy 'Sale Order' and Plaintiff pleas in conformity therewith (sic)." Doc. No. 1, Ex. E, ¶ 5.1.   Plaintiff therefore acknowledges that Chrysler's liability in this case will at least in part be determined by the Bankruptcy Court's Sale Order.   Contrary to Defendant's assertions, this does not mean that the case "arises in" a bankruptcy proceeding, but tends to show that the case is "related to" such a proceeding.

Defendant contends that Plaintiff's right to recover against it comes from the MTA and cites to case law indicating that when a bankruptcy court order creates a legally enforceable right, claims to enforce those rights are core proceedings. Doc. No. 9, citing, *In re Allegheny Health, Education and Research Foundation*, 383 F.3d 169, 175-176 (3rd Cir. 2004). *In re Allegheny* dealt with a party to a bankruptcy proceeding who sought to set aside arbitration awards that may have violated the Bankruptcy Court's order. *Id.*   The Third Circuit found that there was federal subject matter jurisdiction because the right the party sought to enforce came from the Bankruptcy Court's order. *Id.*   This is not the situation in this case.   Plaintiff's right to recover against Defendant comes from Texas law, not from the MTA.   While the MTA impacts Plaintiff's case, it does not create any legally enforceable rights that the Plaintiff here seeks to assert.

This case does not "arise in" a case under Title 11 because Plaintiff's DTPA claim could have existed had there been no bankruptcy. *In re OCA, Inc.*, 551 F.3d 359, 367-68 (5th Cir. 2008) (Finding state law contract claim "non-core" because it could have existed had there been no bankruptcy).    In other words, Plaintiff did not need Defendant to be in bankruptcy for a DTPA cause of action to accrue.   Most cases that fall into the "arising in" category of jurisdiction are state-law law contract or tort claims that arise between parties *after* a bankruptcy proceeding has been initiated. *See e.g., In re Daley*, 224 B.R.. 307, 313 (Bankr. S.D.N.Y. 1998) ("[C]laims whose genesis is unrelated to the bankruptcy case, that is, those which are rooted in the pre-bankruptcy past and are brought under non-bankruptcy law, do not arise under Title 11 or in … Title 11, but are best non-core.").

In this case, the MTA apportions liability between Chrysler Group LLC and the Debtor. The MTA therefore impacts Chrysler Group LLC's liability, but does not create the substantive right that Plaintiff seeks to enforce.   This case is therefore "related to" a bankruptcy proceeding, inasmuch as the outcome of the state-law claim might have some effect on the bankruptcy estate. Defendant's expansive definition of "arising in" jurisdiction would encompass claims that are more appropriately defined as "related to" a bankruptcy proceeding.  In so doing, Defendant blurs the distinction between a "core" and "non-core" proceeding.  Such an interpretation of 28 U.S.C. § 157 (a) raises constitutional concerns and is properly rejected. *See, e.g. Stern v. Marshall*, —— U.S. ——, 131 S.Ct. 2594, 180 L.Ed.2d 475 (2011) (Bankruptcy court adjudication of state-law counterclaims violated Article III*)*; *In re BP RE, L.P.*, 12-51270, 2013 WL 5975030 (5th Cir. Nov. 11, 2013) (Finding "core" / "non-core" distinction to have constitutional grounds).

Defendant argues in the alternative that the case "arises under" Title 11 because it

requires a court to construe the Bankruptcy Court's Sale Order. Doc. No. 12 at 9.  Defendant

cites to a 1986 Ninth Circuit case for the proposition that this kind of proceeding "must be

considered to arise under Title 11." *In re Franklin*, 802 F.2d 324, 326 (9th Cir. 1986).  *In re*

*Franklin* dealt with a party to a bankruptcy proceeding who sought a declaratory judgment that

their subsequent conduct did not violate the Bankruptcy Court's order.  The Ninth Circuit found

that federal jurisdiction existed because the party sought to enforce a right created by a

bankruptcy order. *Id.*  Here, Plaintiff was not a party to the MTA and does not seek to enforce

any rights created by it.    This case does not "arise under" Title 11 because the right to sue

comes from state law, not from federal bankruptcy law.[3]

Since this a non-core proceeding, all four requirements for mandatory abstention have

been met.  Accordingly, the Court need not consider the arguments for discretionary remand.  In

addition, Defendant's argument that this Court should transfer the case for the Bankruptcy Court

in New York to consider remand is also denied. *WRT Creditors*, 75 F.Supp. 2d at 613

("[M]andatory abstention, if met, requires a district court to remand the case to state court,

regardless of whether it would be more efficient to transfer the case to another forum.").

Even if mandatory abstention did not apply, Defendant has failed to meet its burden to

show that removal was procedurally proper. *De Aguilar v. Boeing Co.*, 47 F.3d 1404, 1408 (5th

Cir. 1995) (Removing party bears the burden of showing that federal jurisdiction exists and that

removal was proper).   Chrysler Group LLC has not obtained consent to remove from its co-

Defendant, Ancira Motors.   Moreover, Defendant has cited no authority for the proposition that

---

[3] In their notice of removal, Defendant argues in the alternative that jurisdiction exists under 28 U.S.C. § 1331, because this case arises under federal law.  Perhaps recognizing the futility of this argument, Defendant has omitted it from its response to the motion to remand.  As noted herein, there is no independent basis for federal jurisdiction in this case other than § 1334.

a co-party's consent is not required to remove under § 1452 as it is in cases removed under § 1446. *Gillis v. Louisiana*, 294 F.3d 755, 759 (5th Cir.2002) (§ 1446 requires consent of all co-defendants). The Fifth Circuit has not addressed the question of whether co-party consent is required to remove a case under § 1452. District courts in this circuit reach opposite results. *Compare Orion Ref. Corp. v. Fluor Enterprises, Inc.*, 319 B.R. 480, 484 (E.D. La. 2004) (§ 1452 required consent of co-defendants), *With Sommers v. Abshire*, 186 B.R. 407 (E.D.Tex. 1995) (Consent not required in cases removed under § 1452). The Court need not take a position on the merits of this dispute and raises the issue only to point out that, by failing to even make the argument that consent is not required, the removing Defendant has not satisfied its burden of showing that removal is proper.

## CONCLUSION

In light of the foregoing analysis, the motion to remand is GRANTED. The Clerk is directed to remand the case to state court and to close this case. Defendant's motion to transfer the case is DENIED as moot. Doc. No. 11.

SIGNED this 9th day of December, 2013.

_____
XAVIER RODRIGUEZ
UNITED STATES DISTRICT JUDGE

7